# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MARK S. AMAR,**

     **Plaintiff,**

**v.**             **Case No:   6:16-cv-720-Orl-18KRS**

**TANYA DAVIS WILSON,**

     **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

   This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **AFFIDAVIT OF INDIGENCY (Doc. No. 10)** |
| **FILED:** | **May 4, 2016** |

## I.  BACKGROUND.

   On April 13, 2016, Plaintiff Mark S. Amar filed a complaint against Defendant Tanya Davis Wilson.   Doc. No. 1.   Although the complaint is largely incomprehensible, it appears that Plaintiff is complaining about Defendant's conduct during two cases (Case Nos. 6:10-cr-212-22KRS, 6:13-cv-01631-22KRS) in which Defendant represented the United States as an Assistant United States Attorney.   Plaintiff claims Defendant committed perjury, fraud, and other misconduct during the proceedings.[1]   In conjunction with filing the complaint, Plaintiff filed the above-captioned

---

[1] Plaintiff also alleges misconduct by judges of the Court in those cases, but he does not name a judge as a party defendant.

Affidavit of Indigency, Doc. No. 10, which the Court construes as a motion to proceed *in forma pauperis*.  Plaintiff's motion was referred to me, and it is ripe for consideration.

## II.   LEGAL STANDARD.

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he is unable to prepay filing fees or give security thereof.  28 U.S.C. § 1915(a)(1).  The United States Supreme Court has observed, however, that "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  To prevent such abuse, pursuant to 28 U.S.C. § 1915(e)(2)(B), when a plaintiff seeks to proceed *in forma pauperis* the Court is required to consider *sua sponte* whether the plaintiff's complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [*in forma pauperis*] litigants – prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.").

To state a claim on which relief may be granted, a plaintiff's complaint must contain sufficient factual content to bring the alleged claims "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A complaint is frivolous within the meaning of § 1915(e)(2)(B), if it "lacks an arguable basis in law or in fact."  *Neitzke*, 490 U.S. at 325.  "On the question of frivolousness, a litigant's history of bringing unmeritorious litigation can be considered."  *Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2011).

Additionally, a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.  *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005).

A court must dismiss a complaint if it concludes that subject matter jurisdiction is lacking.   Fed. R. Civ. P. 12(h)(3).

### III.   ANALYSIS.

Plaintiff does not allege the statutory, constitutional or common law basis of his claims. Assuming, without deciding, that Plaintiff intends to allege violations of his constitutional rights, his complaint is frivolous. It appears that Plaintiff intends to raise claims against Defendant Wilson taken in her official capacity as a prosecutor.   Both prosecutors and judges are entitled to absolute immunity from prosecution for acts taken in their official capacities.   *Imbler v. Pachtman*, 424 U.S. 409, 422-28 (1976).   Accordingly, Plaintiff's claims against Defendant Wilson taken in her official capacity as a prosecutor are due to be dismissed.

Ordinarily, a court should allow a *pro se* plaintiff one opportunity to file an amended complaint if it appears that the plaintiff may be able to state a cognizable cause of action over which the court has subject matter jurisdiction.   *See, e.g., Jemison v. Mitchell*, 380 F. App'x 904, 907 (11th Cir. 2010) (unpublished decision cited as persuasive authority).   However, "[t]he U.S. Supreme Court has held that undue delay and futility are adequate bases for denying leave to amend."   *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999).   "[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal."   *Id.* at 1320.   Here, it appears that permitting Plaintiff to file an amended complaint would be futile because prosecutorial immunity applies to Defendant's conduct during the underlying proceedings. *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) ("Prosecutors are . . . entitled to absolute immunity from damages for acts or omissions associated with the judicial process, in particular, those taken in initiating a prosecution and in presenting the government's case.").   Accordingly, I recommend that the Court not grant Plaintiff leave to file an amended complaint.

**IV.     RECOMMENDATION.**

For the reasons stated above, I **RESPECTFULLY RECOMMEND** that the Court **DISMISS** the complaint as frivolous, **TERMINATE** the application to proceed *in forma pauperis* (Doc. No. 10), and **DIRECT** the Clerk of Court to close the file.

<u>**NOTICE TO PARTIES**</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 17, 2016.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy